UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action Number

| | |
|---|---|
| MICHAEL PRICE,<br>　　　　Plaintiff<br><br>v.<br><br>CBIZ NETWORK SOLUTIONS, LLC<br>　　　　Defendant | **COMPLAINT** |

## INTRODUCTION

Plaintiff Michael Price brings this Complaint against his former employer, CBIZ Network Solutions, LLC, seeking compensation and damages for discrimination in violation of the Americans with Disabilities Act, Chapter 151B of Massachusetts General Laws, Title VII 42 U.S.C. § 2000 and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12010, *et. seq.* (Americans with Disabilities Act),

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper because Plaintiff resides in Massachusetts, the unlawful practices occurred within this district, and Defendant CBIZ is a foreign Limited Liability Company doing business in Massachusetts and maintains offices within the Commonwealth of Massachusetts, as required by 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Michael Price ("Mr. Price") is an adult individual who resides at 151 Suffield Street, Agawam, Massachusetts.

5. Defendant CBIZ Network Solutions, LLC, ("CBIZ") is a Limited Liability Company organized and existing under the laws of Delaware having a principal place of business at 5959 Rockside Woods BLVD, Independence, Ohio, 44131. CBIZ is registered with the Secretary of the Commonwealth of Massachusetts as a Foreign Limited Liability Company doing business in Massachusetts.

## FACTS

6. Mr. Price began working for CBIZ as a temporary Field Service Technician ("FST") in March 2016. Mr. Price became a fulltime FST in September 2016.

7. Mr. Price met all his training obligations and quickly was assigned a territory, primarily in Connecticut, but extending into Massachusetts, New York and New Jersey at times.

8. The primary responsibilities of an FST is to provide onsite technical support to CBIZ's customer, Edward Jones.

9. Mr. Price was assigned to the Hartford, CT office of CBIZ which covers in excess of 100 Edward Jones branches.

10. Mr. Price suffered a workplace, shoulder injury in May 2018. After a short period of time he returned to work with a lifting limitation of not more than 45 pounds.

11. In February 2019 Mr. Price underwent surgery for the shoulder injury.

12. In December 2020, Mr. Price provided CBIZ with a statement from his treating physician

the Mr. Price had reach a medical end result with regard to his shoulder and that the 45 pound lifting capacity was permanent, and limited his ability to work on a ladder.

13. Such restrictions still allowed Mr. Price to perform most of his duties as an FST.

14. Despite repeated requests by Mr. Price, CBIZ did not provide reasonable accommodations to allow him to continue his employment as an FST. Furthermore, requesting reasonable accommodations being a protected activity, Mr. Price was retaliated against by being discharged in February 2021.

15. CBIZ has alleged that it offered Mr. Price a reasonable accommodation in a call center, but Mr. Price disputes this allegation and states that discussions took place in hypothetical terms only – no offer was made.

16. While failing to accommodate Mr. Price with his disability, CBIZ treated another employee with a substantially similar injury differently. CBIZ allowed the other employee, a white employee by the name of Daniel McGovern to limit his lifting and ladder-work.

17. Mr. Price was denied the same accommodation offered a white employee by CBIZ for a substantially similar disability. This failure to accommodate Mr. Price because of his color creates a pattern of racial discrimination which began within two months of being hired. At that time a supervisor named Tom Korte told Mr. Price that CBIZ had "met their affirmative action quota" by hiring Mr. Price, thus creating a hostile work environment.

18. Mr. Price was terminated by CBIZ on 12 February 2021.

## CLAIMS FOR RELIEF

### COUNT I

### 42 U.S.C. § 12010 *et seq.*
### Violations of the Americans with Disabilities Act (ADA)

19. Mr. Price hereby realleges and incorporates by reference every allegation contained in paragraphs 1-18.

20. At all times relevant, Defendant was an employer within the meaning of the ADA.

21. At all times relevant, Plaintiff was an employee within the meaning of the ADA.

22. Starting in 2016, Mr. Price was a qualified individual with a disability within the meaning of the ADA or was perceived as being disabled.

23. Mr. Price's shoulder injury is a permanent impairment which substantially impedes Mr. Price's major life functions.

24. Mr. Price's permanent impairment restricts his ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

25. Throughout his employment with CBIZ, Mr. Price was able to perform the essential functions of her position with reasonable accommodations.

26. Defendant CBIZ violated the ADA by denying and/or creating significant delay in granting Mr. Price's requests for reasonable accommodations.

27. Defendant CBIZ violated the ADA by retaliating against Mr. Price after she sought reasonable accommodations by taking away his job responsibilities, discharging him from his position in February 2021.

28. Defendant Baystate violated the ADA by subjecting Mr. Price to a hostile work environment after he sought reasonable accommodations.

29. Defendant CBIZ's conduct constitutes willful violations of the ADA.

## COUNT II

### Violations of M.G.L. Chapter 151B

30. Mr. Price hereby realleges and incorporates by reference every allegation contained in paragraphs 1-29.

31. At all times relevant, Defendant CBIZ was an employer covered by M.G.L. Chapter 151B.

32. At all times relevant, Mr. Price was an employee protected by the provisions of M.G.L. Chapter 151B, § 4, as defined by M.G.L. Chapter 151B, § 1(17).

33. At all times relevant Defendant CBIZ was Mr. Price's direct supervisor.

34. Starting in 2018, Mr. Price was a qualified individual with a disability within the meaning of M.G.L. Chapter 151B §1(17) or was perceived as being disabled.

35. Throughout his employment with CBIZ, Mr. Price was capable of performing the essential functions of her position with reasonable accommodations.

36. Starting in September 2018, Mr. Price sought reasonable accommodations from Defendant CBIZ.

37. Defendant CBIZ violated M.G.L. ch. 151B by denying and/or creating significant delay in granting Mr. Price's requests for reasonable accommodations.

38. Defendant CBIZ violated M.G.L. ch. 151B by retaliating against Mr. Price after he sought reasonable accommodations, by taking away his job responsibilities, displacing

39. his from her position in February 2021, and by taking other adverse actions against him.

39. Defendant CBIZ violated M.G.L. ch. 151B by subjecting Mr. Price to a hostile work environment after he sought reasonable accommodations.

40. Defendant CBIZ's conduct constitutes willful violations of M.G.L. Chapter 151B.

41. Mr. Price timely filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) charging Defendants with unlawful disability discrimination.

## COUNT III
### Title VII 42 U.S.C. § 2000
### Retaliation Against Price for Engaging in Protected Activity

42. Mr. Price hereby realleges and incorporates by reference every allegation contained in paragraphs 1-41.

43. Mr. Price engaged in protected activity when he sought a reasonable accommodation.

44. In retaliation for Mr. Price's multiple requests for a reasonable accommodation, CBIZ to adverse actions against Mr. Price including terminating his employment.

45. There was a causal connection between Mr. Price's request for reasonable accommodation and the materially adverse actions taken against Price by CBIZ.

46. The retaliation endured by Mr. Price would dissuade a reasonable employee from making a request for a reasonable accommodation.

47. CBIZ retaliated against Mr. Price for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT IV

### Title VII 42 U.S.C. § 2000
### Hostile Work Environment Based on Disability and Race

48. Mr. Price hereby realleges and incorporates by reference every allegation contained in paragraphs 1-47.

49. Mr. Price was discriminated against and harassed based on disability and race CBIZ supervisors.

50. The discriminatory conduct was unwelcome, sufficiently severe or pervasive and detrimentally affected Mr. Price.

51. CBIZ's conduct was viewed as subjectively hostile and abusive by Mr. Price and would be viewed as objectively hostile and abusive to a reasonable person.

52. Mr. Price complained numerous times to CBIZ had actual or constructive knowledge of the ongoing discrimination.

53. CBIZ failed to take prompt and appropriate remedial action to prevent or correct further discrimination of Mr. Price.

54. CBIZ discriminated against Mr. Price on the basis of race in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## COUNT V

### Title VII 42 U.S.C. § 2000 and 42 U.S.C. § 1981
### Discrimination and Retaliation on the Basis of Race

55. Mr. Price hereby realleges and incorporates by reference every allegation contained in

paragraphs 1-54.

56. Mr. Price is a member of a protected class on the basis of race. He is a black man.

57. Mr. Price, in all respects, was performing his job in a manner that was consistent with CBIZ's legitimate business expectations.

58. CBIZ discriminated against Mr. Price as described above, including but not limited to retaliating against him, subjecting him to a hostile work environment and terminating his employment.

59. Additionally, CBIZ treated a similarly situation white male employee differently than Mr. Price.

60. CBIZ's actions were taken with a willful and wanton disregard of Mr. Price's rights under Title VII 42 U.S.C. § 2000 et seq. and 42 U.S.C. § 1981.

61. As a direct and proximate result of said unlawful employment practices and in disregard of Mr. Price's rights, Mr. Price has suffered humiliation, degradation, emotional distress, other consequential damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and prays that this Court:

    a. on Count I, award Plaintiff compensatory damages, including lost wages and benefits, emotional distress, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon;

    b. on Count II, award Plaintiff compensatory damages, including lost wages and benefits, emotional distress, multiple damages for Defendant's willful conduct

and Plaintiff's reasonable attorneys' fees;

c. on Count III, award Plaintiff compensatory damages, including lost wages and benefits, emotional distress, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon;

d. on Count IV, award Plaintiff compensatory damages, including lost wages and benefits, emotional distress, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon;

e. on Count V, award Plaintiff compensatory damages, including lost wages and benefits, emotional distress, interest on the compensatory damages, and liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon; and

f. grant such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Date: 4 April 2023

Respectfully submitted,
Michael Price
By his attorney,

Tyson R. Ence (BBO # 670401)
ENCE & BOEHLEN, PLLC
100 Main Street
Agawam, MA 01001
413-730-4455
tyson@law-eb.com